

Yuo-Fong C. Amato (SBN 261453)
bamato@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, California 92101
Phone: (619) 696-6700
Fax: (619) 696-7124

Attorneys for Plaintiff
CROSSFIT, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

CROSSFIT, LLC, a Delaware limited liability company,

Plaintiff,

v.

MARTY SCARBERRY, an individual; LEGENDS BARBELL, a California corporation,

Defendants.

CASE NO.

**COMPLAINT; DEMAND FOR JURY TRIAL**



Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

**COMPLAINT**

Plaintiff, CrossFit, LLC, alleges as follows:

**Nature of the Action**

1. This is an action for willful violation of CrossFit, LLC's intellectual property rights in its trademarks, arising out of Defendants' unauthorized use of CrossFit, LLC's registered service marks and trademarks.

**Jurisdiction and Venue**

2. This action arises under the trademark laws of the United States, 15 U.S.C. § 1051 et seq. and the laws of the State of California.

3. This Court has subject matter jurisdiction over CrossFit, LLC's Lanham Act claims as federal questions pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338 (a) and (b), and supplemental jurisdiction pursuant to 28 U.S.C. § 1367. The Court has pendent jurisdiction over the state law claims under 28 U.S.C. § 1338(b).

4. This Court has personal jurisdiction over Defendant MARTY SCARBERRY in this district because on information and belief, Defendant SCARBERRY is domiciled within this district and Defendant transacts substantial and continuing business within this district.

5. This Court has personal jurisdiction over Defendant LEGENDS BARBELL in this district because Defendant LEGENDS BARBELL is domiciled within this district and Defendant transacts substantial and continuing business within this district.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400.

**The Parties**

7. Plaintiff CrossFit, LLC is a Delaware limited liability company principally engaged in the business of fitness training and consultancy; its principal place of business is located in Boulder, Colorado. CrossFit, LLC is the owner of protectable interests in several registered United States trademarks and service marks comprised of the term "CROSSFIT."

///

8. On information and belief: Defendant SCARBERRY is an individual who owns and runs the fitness facility, LEGENDS BARBELL. Defendant SCARBERRY is an individual residing in or around Victorville, California. LEGENDS BARBELL's registered business address with the California Secretary of State is 15321 Palmdale Rd., Victorville, CA 92392.

**CrossFit, LLC's Intellectual Property Rights**

9. Through its design, development, sales, and marketing activities, CrossFit, LLC (and its predecessors) have developed a revolutionary fitness training regimen that has become the principal strength and conditioning program for many police academies and tactical operations teams, military special operations units, champion martial artists, and millions of athletes worldwide. CrossFit, LLC licenses use of its intellectual property, including the CROSSFIT® mark, to affiliates that have received particularized training and certification from CrossFit, LLC. The CROSSFIT® brand is of particular value in the competitive "small-box" fitness training industry. CrossFit, LLC's careful cultivation, maintenance, and protection of its intellectual property rights has enabled CrossFit, LLC to amass considerable goodwill within its industry, and the CROSSFIT® marks are widely recognized around the world. Consumers readily and singularly associate the CROSSFIT® brand with CrossFit, LLC's businesses and services.

10. CrossFit, LLC diligently protects its intellectual property through, inter alia, trademark and service mark registration. CrossFit, LLC owns several registered United States trademarks and service marks comprised of the word mark "CROSSFIT," including registered U.S. Service Mark Registration No. 3,007,458 issued on October 18, 2005, for use in connection with fitness training and services. CrossFit, LLC's marks have been in continuous use in commerce since at least the dates of first use identified in their registrations to the present day. Other U.S. trademark registrations include, but are not limited to, U.S. Registration nos. 4,049,689; 4,053,443; 4,895,992; and 5,045,737.

11. CrossFit, LLC's federal trademark registrations were duly and legally issued, are valid and subsisting, and constitute prima facie evidence of CrossFit, LLC's

exclusive ownership of the CROSSFIT® marks. In addition, CrossFit, LLC has accrued common law rights to its CROSSFIT marks for goods and services not yet registered with or otherwise covered by its registrations.

12. CrossFit, LLC provides a nationally standardized certificate program to personal trainers who desire to become licensed CROSSFIT® affiliates. Persons who successfully complete CrossFit, LLC's certificate program and meet other requirements for affiliation are eligible to enter into annually renewable affiliate license agreements, which permit limited use of the CROSSFIT® mark subject to various conditions. Only persons who have completed CrossFit, LLC's certificate process and entered into valid affiliate license agreements are permitted to use CrossFit, LLC's CROSSFIT® mark.

**Defendants' Willful Infringement**

13. On or around March 26, 2020, Defendant SCARBERRY entered into an affiliate agreement (hereinafter "Affiliate Agreement") with CrossFit, LLC to operate "CrossFit We Are Legends." The Affiliate Agreement was officially terminated on October 6, 2021.

14. Defendants began to operate their facility under the name "Legends Barbell." However, as CrossFit, LLC later discovered, despite the termination of the Affiliate Agreement, Defendants SCARBERRY and LEGENDS BARBELL (collectively, "Defendants") continued to use the CROSSFIT® marks in other ways, including but not limited to purporting to offer CROSSFIT®-branded training.

15. Starting on or around September 23, 2022, and continuing to October 27, 2022, CrossFit, LLC sent multiple cease-and-desist communications to Defendants. Defendants did not respond, nor did they cease using the CROSSFIT® marks.

16. On or around December 14, 2022, undersigned counsel also sent multiple cease-and-desist communications to Defendants. Defendants did not respond, nor did they cease using the CROSSFIT® marks.

17. Defendants' use of the CROSSFIT® marks include pervasive use on their website located at www.legendsbarbell.com; for example and not by way of limitation:







https://legendsbarbell.com/#oaa64932be689

HIGHEST QUALITY COACHING! //

PLEASE SELECT MEMBERSHIP TYPE

Select...

Open Gym

CrossFit + BootCamp

First Name

Last Name

18. In addition, Defendants have posted numerous customer reviews on the main page of their website that show that their customers believe they are receiving licensed CROSSFIT® training:



**Amanda Fluharty** recommends **Legends Barbell**.



1 year ago ·

**5 stars**

I was always so nervous to try CrossFit because I was scared of the heavy lifting due to my back problems but the trainers and owners go above and beyond to not only make you feel welcome but to teach you proper form and assist you in whatever your fitness goals are! Love this gym and love the people who are apart of it! #legends



4 2 Comments



**Dana Lomeli** recommends **Legends Barbell**.



1 year ago ·

such an amazing gym with awesome trainers👍 Everyone makes you feel at home and you get the instruction and help you may need. I always look forward to my workouts! Plus, it's probably the most affordable CrossFit in the High Desert!! you won't regret joining💪

///

///

///




5 stars

Tried cross fit for the first time and this exactly what I needed on top on my weight lifting workouts. The staff is awesome and very supportive. I like that this gym is very patriotic because I'm a Vet and I support business that love this great country.




**Count I: TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)**

**Against Defendants SCARBERRY and LEGENDS BARBELL**

19. CrossFit, LLC repeats and realleges the allegations contained in the paragraphs above as if full set forth herein.

20. This claim is for trademark infringement under the laws of the United States, Section 32 of the Lanham Act, 15 U.S.C. § 1114(1)(a).

21. Defendants have used and continue to use the CROSSFIT® marks to advertise and sell their fitness training services and goods in violation of CrossFit, LLC's rights in its registered trademarks and service marks.

22. Defendants' use of the CROSSFIT® marks is likely to cause confusion, mistake, and to deceive consumers. This is especially true because Defendants used to be a licensed affiliate of CrossFit, LLC.

23. Defendants' actions constitute a blatant attempt to confuse the consuming public and to trade off CrossFit, LLC's goodwill, especially since Defendants were repeatedly informed that they needed to stop using the CROSSFIT® marks.

24. On information and belief, Defendants have acted knowingly and willfully, with full knowledge of the likelihood of confusion and with the intent to deceive

consumers in order to trade off the efforts and earned goodwill and reputation of CrossFit, LLC.

25. By reason of the foregoing acts of trademark infringement, CrossFit, LLC has been injured in an amount not yet ascertained, to be proven at trial.

26. Further, on information and belief, Defendants have been unjustly enriched by virtue of their deception of consumers and misappropriation of CrossFit, LLC's goodwill.

27. In addition, as a result of Defendants' acts of infringement, CrossFit, LLC has suffered and will continue to suffer irreparable harm for which CrossFit, LLC has no adequate remedy at law, including damage to CrossFit, LLC's goodwill. Unless this Court enjoins Defendants' acts of infringement, CrossFit, LLC will continue to suffer irreparable harm.

28. On information and belief, Defendants' actions have been knowing, intentional, wanton, and willful. The principles of equity warrant an award to CrossFit, LLC of treble damages and profits, attorneys' fees, and the costs of this action pursuant to 15 U.S.C. § 1117.

**Count II: Breach of Affiliate Agreement**

**Against MARTY SCARBERRY**

29. CrossFit, LLC repeats and realleges the allegations contained in the paragraphs above as if full set forth herein.

30. On or around March 26, 2020, Defendant SCARBERRY entered into the Affiliate Agreement with CrossFit, LLC, which is governed by and construed under the laws of the State of California, pursuant to Section 12. The Affiliate Agreement set out the following relevant terms:

> 6e. In the event of any termination or expiration of this Agreement, Affiliate shall discontinue immediately all use of the Licensed Marks…Sections…6(e)…shall survive any expiration or termination of this Agreement.

///

31. CrossFit, LLC has performed under the Affiliate Agreement.

32. Defendant SCARBERRY breached the Affiliate Agreement by continuing use and/or allowing the continued use of the CROSSFIT® marks despite the termination of the Affiliate Agreement.

33. By reason of the breach of the Affiliate Agreement, CrossFit, LLC has been injured in an amount not yet ascertained, to be proven at trial.

**Count III: Breach of Trainer Agreement**

**Against MARTY SCARBERRY**

34. CrossFit, LLC repeats and realleges the allegations contained in the paragraphs above as if full set forth herein.

35. On September 26, 2018, Defendant SCARBERRY entered into a CrossFit® Level 1 Trainer Certificate License Agreement (hereinafter "Trainer Agreement") with CrossFit, LLC, with a term of five years.

36. Pursuant to Section 1(c) of the Trainer Agreement, Defendant SCARBERRY "shall not use the CrossFit® trademark…other than as expressly provided for in this Agreement." Pursuant to Section 1(a) of the Trainer Agreement, Defendant SCARBERRY is only entitled to use the CROSSFIT® marks to state that he is a "CrossFit® Level 1 Trainer" or "CrossFit® Level 1 Certificate Holder" on a business card, biography, resume, curriculum vitae, or professional biography.

37. CrossFit, LLC has fully performed under the Trainer Agreement.

38. Defendant SCARBERRY's use of the CROSSFIT® marks in connection with his LEGENDS BARBELL facility violate the terms of the Trainer Agreement.

39. By reason of the breach of the Trainer Agreement, CrossFit, LLC has been injured in an amount not yet ascertained, to be proven at trial.

///

///

///

///

40. Pursuant to Section 4(b) of the Trainer Agreement, CrossFit, LLC is further entitled to recover "its attorneys' fees and other costs of suit" due to Defendant SCARBERRY's breach of the Trainer Agreement should CrossFit, LLC succeed in this legal action.

**PRAYER FOR RELIEF**

WHEREFORE, CrossFit, LLC demands judgment as follows:

a. Judgment in CrossFit, LLC's favor on all claims herein;

b. Preliminary and permanent injunctions preventing Defendants from continued infringement of CrossFit, LLC's CROSSFIT® mark;

c. An accounting of profits and damages resulting from Defendants' trademark infringement, and trebling of such damages because of the knowing, intentional, willful, and wanton nature of Defendants' conduct;

d. An award to CrossFit, LLC of (i) an amount equal to the actual damages suffered by CrossFit, LLC as of result of Defendants' infringing conduct; (ii) an amount equal to the profits earned by Defendants as a result of their infringement; (iii) an amount equal to three times the monetary award assessed in view of Defendants' willful and wanton infringement; (iv) pre-judgment interest; (v) an amount equal to CrossFit, LLC's reasonable attorneys' fees, as an "exceptional" case under 15 U.S.C. § 1117;

e. An award of actual damages for Defendant SCARBERRY's breach of Affiliate Agreement;

f. An award of actual damages for Defendant SCARBERRY's breach of Trainer Agreement;

g. An award of actual attorneys' fees and costs of suit for Defendant SCARBERRY's breach of Trainer Agreement;

h. An award of interests and costs; and

i. Such other and further relief as the Court deems proper.

///

**DEMAND FOR JURY TRIAL**

CrossFit, LLC hereby requests a trial by jury in this case, pursuant to Rule 38, Federal Rules of Civil Procedure.

DATED: March 16, 2023

Respectfully submitted,

GORDON REES SCULLY MANSUKHANI LLP

By: */s/Yuo-Fong C. Amato*
Yuo-Fong C. Amato
Attorneys for Plaintiff
CROSSFIT, LLC